UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUSAN KEITH,

                              **Plaintiff,**

  vs.                                                5:25-CV-778
                                                               (MAD/MJK)

ORAZIO CRISALLI,

                              **Defendant.**
_____

APPEARANCES:                                    OF COUNSEL:

**SUSAN KEITH**
P.O. Box 183
Clay, New York 13041
Plaintiff, *pro se*

**MILBER MAKRIS PLOUSADIS**          **PATRICK F. PALLADINO, ESQ.**
**& SEIDEN, LPP**
1000 Woodbury Road - Suite 402
Woodbury, New York 11797
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On June 16, 2025, Plaintiff Susan Keith filed a complaint, *pro se*, against Orazio Crisalli and Erin Condon, alleging violations of the laws established by the U.S. Securities and Exchange Commission, as well as claims under the New York's Deceptive Practices Act, Racketeer Influenced and Corrupt Organizations Act, and New York State contract, property, and tort laws. *See* Dkt. No. 1. Plaintiff's allegations stem from her renting an apartment owned by Defendant Crisalli, who is a "co-owner of Syracuse Realty Group, LLC, the property management company

1

for the subject premises, and co-owner and co-executive officer of QP2 Properties, LLC." *Id.* at ¶ 79. Plaintiff contends she has suffered "carcinogenic exposure" while living in Defendant Crisalli's building because of individuals smoking on the property. *See generally* Dkt. No. 1. Plaintiff also filed an emergency motion for injunctive relief, *see* Dkt. No. 2, which the Court denied, *see* Dkt. No. 8. Summonses were issued on Defendants Crisalli and Condon on June 17, 2025. *See* Dkt. No. 4.

On June 26, 2025, Plaintiff filed an amended complaint naming only Defendant Crisalli. *See* Dkt. No. 13. Based on Plaintiff's request, a new summons was issued. *See* Dkt. Nos. 14, 15.

On August 6, 2025, Plaintiff requested a Clerk's entry of default. *See* Dkt. No. 19. Default was entered the same day. *See* Dkt. No. 20. Plaintiff then filed various motions requesting injunctive relief. *See* Dkt. Nos. 21, 23, 24.

On August 20, 2025, Defendant filed a letter informing the Court "that [his] legal representation for this case is through [his] Errors and Omissions insurance policy. They recently contacted [Defendant] and are assigning Counsel." Dkt. No. 27. Defendant requested thirty days "to meet with them so that they can respond on [his] behalf." *Id.*

The next day, the Court issued a Text Order explaining, in part, as follows:

> Defendants time to answer Plaintiffs complaint expired on August 5, 2025. Plaintiff has a currently pending motion for preliminary injunction, and the Court has previously indicated that [o]nce the motion is fully briefed, the Court will endeavor to issue a decision as soon as possible. Dkt. No. 17. Defendants current response deadline is set for August 28, 2025. In light of Defendant filing a letter with the Court, it will extend his response deadline to Plaintiffs motion until September 22, 2025. The Plaintiff's Reply deadline is extended to September 29, 2025.

Dkt. No. 28.

Later that day, on June 21, 2025, Plaintiff filed a motion for default judgment and a letter motion asking for clarification on the "current posture" of the case. *See* Dkt. Nos. 29, 30. Defendant's response deadline for the motion for default judgment was set for September 11, 2025. *See* Dkt. No. 29.

On September 11, 2025, Defendant, through counsel, filed a pre-motion letter requesting the Court's permission to file a motion to dismiss Plaintiff's complaint for failure to state a claim. *See* Dkt. No. 33. Plaintiff responded in opposition, arguing Defendant's contentions were baseless because "[t]his case belongs in federal court under SEC jurisdiction with RICO enforcement authority." Dkt. No. 35 at 3; *see also* Dkt. No. 34. The Court reviewed the parties' letters and granted Defendant permission to file a motion to dismiss. *See* Dkt. No. 36.

Plaintiff responded in opposition, *see* Dkt. No. 40, and Defendant replied, *see* Dkt. No. 41. Plaintiff requested permission to file a sur-reply. *See* Dkt. No. 42. The parties then filed six letters arguing whether Plaintiff should be permitted to file a sur-reply and whether the letters, in and of themselves, were appropriate. *See* Dkt. Nos. 43-48. The Court denied Plaintiff's request and instructed both parties that no further submissions would be accepted regarding Plaintiff's motion for a preliminary injunction or Defendant's motion to dismiss. *See* Dkt. No. 49.

Plaintiff subsequently filed a letter requesting permission to stay the case to give her time to file an amended complaint. *See* Dkt. No. 50. Defendant opposed the request. See Dkt. No. 51. Plaintiff filed a letter in further support of her request. *See* Dkt. No. 52. Plaintiff also filed a letter withdrawing her motion for a preliminary injunction. *See* Dkt. No. 53. The Court granted her request to withdraw her previous motion and denied the request to file a motion to amend. *See* Dkt. No. 54.

Plaintiff filed another letter on December 28, 2025, noting her intention to seek leave to file a second amended complaint after the Court rules on the pending motion to dismiss, should the Court dismiss any of her claims. *See* Dkt. No. 55. On February 1, 2026, Plaintiff filed a letter asking for an update on the status of the case and whether a discovery conference will be held. *See* Dkt. No. 56.

Presently before the Court is Plaintiff's motion for default judgment. See Dkt. No. 29. Defendant's pre-answer motion to dismiss can be construed as an opposition to Plaintiff's motion for default judgment, *see* Dkt. No. 37; however, even if the Court were unable to consider the motion to dismiss at this juncture, "the [C]ourt may set aside an entry of default *sua sponte*, for good cause." *Negrin v. Kalina*, No. 09-CV-6234, 2012 WL 4074992, *2 (S.D.N.Y. Sept. 11, 2012) (collecting cases); *see also Miller v. Madison*, No. 1:12-CV-0874, 2013 WL 2181240, *3 (N.D.N.Y. May 20, 2013) ("Although Defendant has not moved to vacate the Entry of default, after considering the Amended Complaint and Defendant's explanations for his failure to timely respond to it, the Court exercises its authority under Rule 55(c) to vacate sua sponte the Entry of default for good cause shown"); *Topolski v. Wrobleski*, No. 5:13-CV-0872, 2014 WL 2215761, *9 (N.D.N.Y. May 29, 2014).

For the following reasons, Plaintiff's motion for default judgment is denied and the Clerk's entry of default it vacated.

## II. DISCUSSION

**A.    Legal Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once the clerk has entered a default, the Court may,

among other things, require the plaintiff to "establish the truth of any allegation by evidence." FED. R. CIV. P. 55(b)(2).  The "district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Under Rule 55(c) of the Federal Rules of Civil Procedure, a court "may set aside an entry of default for good cause" prior to an entry of final judgment.  In deciding whether to vacate an entry of default, "the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see also United States v. Starling*, 76 F.4th 92, 100 (2d Cir. 2023).  "The factors a court considers when deciding whether to set aside a Certificate of Default or a default judgment are the same, but 'courts apply the factors more rigorously in the case of a default judgment, because the concepts of finality and litigation repose are more deeply implicated.'" *Ramsaran v. Abraham*, No. 15-cv-10182, 2017 WL 1194482, *9 (S.D.N.Y. Mar. 30, 2017) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *see also Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) ("A motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment") (citation omitted).

The Second Circuit "generally disfavor[s]" default judgment and has expressed a "preference for resolving disputes on the merits." *Enron Oil*, 10 F.3d at 96; *accord Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("Strong public policy favors resolving disputes on the merits").  Therefore, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on

5

their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also Starling*, 76 F.4th at 100 ("[C]ourts addressing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulting party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps") (quotation marks and citation omitted).

B.    **Application**

As to Defendant's "willfulness," the Second Circuit has interpreted the concept, "in the context of a default, to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (collecting cases). "On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* The Second Circuit set forth the following examples of "willful" conduct:

> [A]n attorney failed, for unexplained reasons, to respond to a motion for summary judgment, . . . or failed, for flimsy reasons, to comply with scheduling orders, . . .or failed, for untenable reasons, after defendants had "purposely evaded service for months," to answer the complaint, . . . or failed, for incredible reasons, to appear for a scheduled pretrial conference and unaccountably delayed more than 10 months before moving to vacate the ensuing default[.]

*Id.* at 738-39 (citations omitted). Courts generally hold *pro se* litigants to a less stringent definition of "willfulness" because "[c]oncerns regarding the protection of a litigant's rights are heightened when the party held in default appears *pro se*." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Hence, as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*." *Id.*

Additionally, as relevant here, "[b]y its terms, Rule 55(b)(2) requires advance written notice only if the party against whom a default judgment is sought has 'appeared in the action.'"

6

*New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005) (quoting FED. R. CIV. P. 55(b)(2)). "Ordinarily, an appearance in an action requires a formal submission to the Court." *Id.* (citing *Key Bank of Maine v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996)). "Circuits are divided on whether anything less than a formal appearance is necessary to actuate the notice requirement of Rule 55(b)(2)." *Id.* However, "[f]or every court that has embraced the concept of an *informal* appearance under Rule 55(b)(2) has required, at a minimum, that the defaulting party, in communicating with the moving party, express 'a clear intention to defend' the suit." *Id.* (collecting cases); *compare* U.*S. Commodity Futures Trading Comm'n v. LaMarco*, No. 17-CV-4087, 2022 WL 18859042, *8 (E.D.N.Y. Dec. 27, 2022), *R. & R. adopted*, 2023 WL 2495869 (E.D.N.Y. Mar. 14, 2023) (determining that the defendant's conduct was not willful because "his conduct demonstrates an 'intention and attempt to defend against the action.' . . . LaMarco only filed the motion to vacate forty-nine days after the Clerk of the Court entered the default, which is not enough to persuade the Court that LaMarco is an obstructionist adversary that failed to defend this action"), *with Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) ("[T]he record demonstrates that defendants' default was willful. . . . [T]here is no dispute that Duane Moulton was aware of the legal action pending against him and his company based on his own admissions and the fact that the corporate defendant requested, through counsel, an extension of time to respond. Despite this knowledge, the defendants failed to file a responsive pleading for over nine months after the receipt of the summons and complaint").

Here, the record demonstrates that Defendant's failure to answer Plaintiff's *pro se* complaint before the deadline set forth in Federal Rule of Civil Procedure 12 was not willful. In Plaintiff's request for entry of default, she explains that Defendant emailed Plaintiff on June 18,

7

2025, stating, "I see that you filed a lawsuit against us yesterday, on the advice from my Attorney I should not respond to you until I am served the papers of your case and review them with him. At that time, I cannot contact you directly, we can only communicate Attorney to Attorney." Dkt. No. 19-1 at 1-2. Plaintiff states her amended complaint was served on Defendant on July 15, 2025. *See id.* at 2. The Clerk's entry of Default was entered on August 6, 2025. *See* Dkt. No. 20. Defendant filed his *pro se* letter on August 20, 2025, explaining that he is waiting to speak with an attorney who would respond on his behalf. *See* Dkt. No. 27. One day after Defendant filed this letter, Plaintiff moved for default judgment. *See* Dkt. No. 29. Defendant's attorney first communicated with the Court on September 11, 2025. *See* Dkt. No. 33.

The Court does not find this conduct to be a willful disregard of the case. Much like the liberality that must be shown to Plaintiff because of her *pro se* status, the Court should "set aside the entry of default freely when the defaulting party is appearing *pro se*." *Enron Oil*, 10 F.3d at 96. Defendant first appeared in the action, *pro se*, on August 20, 2025, which was two months after the case was initiated. *See* Dkt. No. 27. When Defendant retained counsel, the attorney engaged with the Court by filing a pre-motion letter, as required by the undersigned's Individual Rules, within three months of the original complaint being filed. *See* Dkt. No. 33. Although Defendant has not explained why he did not earlier retain counsel or why counsel did not sooner file a pre-motion letter, the Court does not find the conduct to be a purposeful evasion of the case.

The Court also finds that the meritorious defense factor weighs in Defendant's favor. "'[I]n order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citing, *inter*

8

*alia*, *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make")).

Since the filing of Plaintiff's original complaint and emergency motion for preliminary injunction, "the Court has [had] serious concerns regarding this Court's subject-matter jurisdiction over this case." Dkt. No. 8.  The Court need not and will not delve too deeply into Defendant's pending motion to dismiss as that will be addressed in a separate decision; however, the Court finds that there is enough in the motion to establish a meritorious defense.  *See* Dkt. No. 37.

A lack of subject matter jurisdiction is a complete defense of an action.  Defendant has raised enough information in his motion to give the Court continued pause as to the validity of Plaintiff's claims regarding S.E.C. violations, conspiracies, discrimination, and other state law claims.  *See Li v. Fleet New York Metro. Reg'l Ctr. LLC*, No. 21-CV-5185, 2022 WL 1666963, *8 (E.D.N.Y. May 25, 2022) ("Defendants have identified issues regarding the court's jurisdiction, such that further briefing and consideration is warranted, and such that they have raised a meritorious legal defense") (citing *Lawtone-Bowles v. Seneca Cty. Corr. Div.*, No. 16-CV-227, 2021 WL 4034525, *3 (W.D.N.Y. Sept. 3, 2021); *Bos. Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, 221 F.R.D. 410, 414 (S.D.N.Y. 2004)).[1]

Finally, "[i]n considering the prejudice element, the Court looks to 'the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy . . . resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion.'" *LaMarco*, 2022 WL 18859042, at *11 (quoting *Gov't Emps. Ins. Co. v. Anikeyev*, No. 14-CV-3775, 2016 WL 1275042, *6 (E.D.N.Y. Mar. 31, 2016)).  "[S]ince some delay is inevitable when a motion to vacate default judgment is granted, 'delay alone is not a

---

[1] This is not a determination on the merits of the pending motion to dismiss.

sufficient basis for establishing prejudice." *Id.* (quoting Green, 420 F.3d at 110); *see also Drywall Tapers & Pointers of Greater New York Loc. Union 1974, IUPAT, AFL-CIO v. Creative Installations, Inc.*, 343 F.R.D. 358, 365 (S.D.N.Y. 2022) ("In considering whether a plaintiff would be prejudiced if a default judgment were vacated, the Court must take into account more than mere delay or passage of time").

There is nothing before the Court which demonstrates that Plaintiff would be prejudiced regarding her ability to conduct discovery or recover damages for her claims, if they proved viable and meritorious, by vacating the Clerk's entry of defaul. "'[P]laintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated.'" *Id.* (quoting *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-52 (JPO), 2013 WL 1809637, *5 (S.D.N.Y. Apr. 30, 2013)). Plaintiff has not done so. Based on the Court's consideration of the requisite factors, Plaintiff's motion for a default judgment must be denied.

Finally, Plaintiff has requested clarification on the posture of this action. *See* Dkt. Nos. 30, 56. Through this Memorandum-Decision and Order, Plaintiff's pending motion for a default judgment has been denied. As such, the only motion currently pending before the Court is Defendant's motion to dismiss, which will be decided in due course. Any discovery conference will not be held until after the Court rules on the motion to dismiss and only if the Court permits some or all of Plaintiff's claims to proceed.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motion for a default judgment (Dkt. No. 29) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court's entry of default (Dkt. No. 20) is **VACATED**; and the Court further

**ORDERS** that Plaintiff's letter requesting clarification as to the status of the case (Dkt. No. 30) is **TERMINATED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 2, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge